**UNITED STATES DISTRICT COURT**

FOR THE

**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Douglas C Palmer**<br>Clerk of Court<br><br>**Brenna Mahoney**<br>Chief Deputy<br><br>**Michael J. Kramer**<br>Chief Deputy |  | Theodore Roosevelt Federal Courthouse<br>Emanuel Cellar Federal Courthouse<br>225 Cadman Plaza East<br>Brooklyn, NY 11201<br>(718) 613-2270<br><br>Alfonse D'Amato Federal Courthouse<br>100 Federal Plaza<br>Central Islip, NY 11722<br>(718) 613-2270 |

December 3, 2021

**BY ECF AND OVERNIGHT MAIL**

John C. Ulin, Esq.
Arnold & Porter LLP
777 South Figueroa Street
Los Angeles, CA 90071-5844

Samuel R. Watkins, Esq.
Inslee Best Doezie & Ryder PS
10900 NE 4th Street, Ste. 1500
Bellevue, WA 98004

Sara K. Pildis, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-46990

Daniel S. Silverman, Esq.
Heller Ehrman
4350 La Jolla Village Drive, 7th Fl.
San Diego, CA 92122

Hong Ling Zhang
61-25 157th Street
Flushing, New York 11367

In re: *Philip Morris USA Inc. v. C.H. Rhodes, Inc. et al*, 08-cv-0069 (ARR)

Dear Counsel,

    I have been contacted by Judge Ross who presided over the above-mentioned case.

    Judge Ross informed me that it has been brought to her attention that while she presided over the case she owned stock in Altria Group, Inc. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Ross directed that I notify the parties of the conflict. Please forward this letter to any counsel whose contact information has changed.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Ross's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before December 20, 2021. Any response will be considered by another judge of this court without the participation of Judge Ross.

Sincerely,
/s
Douglas C. Palmer
Clerk of Court


Cc: Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals
Second Circuit
(via overnight mail)